**BETTER BUSINESS BUREAU OF DALLAS, Inc., et al. v. SHUTTLES et al.**

No. 11764.

Court of Civil Appeals of Texas. Dallas.

Oct. 26, 1935.

W. H. Flippen and J. Manuel Hoppenstein, both of Dallas, for appellants.

Martin B. Winfrey and Irving L. Goldberg, both of Dallas, for appellees.

BOND, Justice.

The appellants, competitive merchants, sought to enjoin the appellees from executing an extensively advertised lottery scheme very similar to the illegal scheme denounced by this court in the case of Featherstone v. Independent Service Station Ass'n, 10 S.W.(2d) 124, in which is held that no one should be permitted to employ criminal means in trade rivalry to enhance his sales to the calculative pecuniary injury of a law-abiding competitor, and that a court of equity, as an incident to the giving of proper relief, may enjoin the exercise of such unlawful scheme for the purpose of preventing injury to the property, or civil rights of another. We think the cited case is decisive of the rights of the parties here affected.

However, the record reveals in this case that the appellants predicate their claim for injunction relief, primarily, on an alleged lottery then going on, and which was to be finally and definitely consummated on July 10, 1933, and incidentally allege that the appellees "are threatening to and will continue said operation from month to month by the distribution of other and like prizes, in the manner above set out, after Monday, July 10th, 1933."

Manifestly, the unlawful lottery, perforce the action of the trial court in refusing the injunction, has long since been consummated, and whatever damage, if any, the alleged criminal acts may have caused to appellants, is not a subject now for the determination of a court of equity. The allegations that the appellees are "threatening and will continue the opera-

tion" of the lottery scheme in the future, and that the appellants, in the ordinary course of trade, will suffer loss of patronage, which they reasonably expect to reap, are mere speculative conclusions, apprehensively predicated on the consummated criminal action of July 10, 1933. We think the mere allegation of a continuation by the appellees of the illegal method employed by them, and the possibility of diverting customers and patrons thereby, unsupported by anything in the record, is an expression of fear which does not in itself present an avowed controversy requisite to appellate jurisdiction.

The controversy existing at the time the appeal was taken, by reason of matters transpiring prior and subsequent thereto, ceases to exist, thus the questions involved on the appeal have become moot; therefore, the appeal should be dismissed, and it is so ordered.

Appeal dismissed.